[S. F. No. 7293.    Department One.—November 19, 1919.]

THOMAS McGRORÉY, Executor, etc., Appellant, v. CHARLES J. HEGGERTY, Respondent.

[1] ACTION TO RECOVER STOCK CERTIFICATES—OWNERSHIP—FINDING SUPPORTED BY EVIDENCE.—In this action to recover certain stock certificates in the possession of the defendant, which had been delivered by plaintiff to defendant under a receipt which the plaintiff himself took which specified that the defendant held the certificates for a third party, since deceased, it is held the evidence sustains the finding that the stock was not the property of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bernard Campbell, *in pro. per.*, R. Clarence Ogden and Albert C. Aiken for Appellant.

Knight & Heggerty for Respondent.

OLNEY, J.—This is an action brought by one Bernard Campbell to recover certain stock certificates in the possession of the defendant. Judgment went for the defendant and the plaintiff appealed. Pending the appeal the plaintiff died and his executor was substituted.

The possession of the certificates is admitted by the defendant, who, however, while sued in his individual capacity, claims no personal interest of any sort in the property. His claim is that the stock is part of the estate of Patrick Campbell, deceased, of whose will he is the executor, and the sole issue in the case is as to whether the plaintiff or Patrick Campbell, when alive, was the owner of the property. On this issue the trial court found against the plaintiff.

It appears that the certificates had been delivered by the plaintiff to the defendant while Patrick Campbell was alive and under a receipt which the plaintiff himself took which specified that the defendant held the certificates for Patrick. The presumption arising from this receipt is confirmed by letters from the defendant to the plaintiff written in Patrick's lifetime in which the stock is spoken of as belonging to Patrick. The defendant also testified that he always understood the stock to be Patrick's and he held it for him, and that the plaintiff had never made any claim to it until the present action was commenced after Patrick's death.

To overcome this evidence all that appears is the testimony of the plaintiff himself and a certain writing. The character of the plaintiff's testimony and the weight to which it is entitled may be judged from the following excerpt, which is but typical:

"Q. When you had this stock why didn't you have it transferred in your name?

"A. Because afterward you transferred it.

"Q. I mean before I ever got it at all?

"A. I never wanted to have anything to do, and I was opposed to ever forming the New Bluepoint Mining Company and it came out I was always opposed to it for I considered it was nothing more than a swindle and I went to Ireland to put monuments on the old folks' graves there, and that was in 1900, and I came back to New York and I went to Smartsville within 30 days from the time I heard of it in Ireland; I left Smartsville on the 4th day of July, 1900, and I had no breakfast there and I had to go into a grocery store to get some crackers and milk until we came to Wheatland and the same man that drive the stage is living there to-day."

[1] If the plaintiff's testimony itself were not sufficient to convince us that the trial judge was justified in disregarding it *in toto,* the brief which the plaintiff *in propria persona* filed with us would leave no doubt. The following is a fair sample:

"And Patrick Campbell never claimed to defendant that he claimed to own any of the stock belonging to the plaintiff. On the contrary, Patrick Campbell's letter of June 19, 1911 (Trans., p. 13), has been carried on before any of the honorable judges had been elected to the bench, and it is a more unjust and illegal system than the police court, as the judges reduce the bail for lawyers' clients affording means of escaping justice. The judge in the police court admitted it was a custom before his time, but was a bad system, and he would stop it. That would be sufficient for me to have them stopped, but the citizens of San Francisco would not and have the recall."

The writing relied on by the plaintiff was a letter to the defendant purporting to be signed by Patrick Campbell. In it is the statement, occurring rather incidentally, that the plaintiff owns the greater part of the stock. What part is not specified. The trial court may well have had some doubt as to the authenticity of the letter, although there was no direct evidence upon the point, and in any case the letter is not such a document as uncorroborated would justify an affirmative finding against the estate of the person for whom the stock was being held that it actually belonged to someone else.

Counsel for the plaintiff's executor make the point that the defendant is not the legally appointed executor of Patrick's will because of lack of jurisdiction on the part of the court appointing him. But it makes no difference whether the defendant was legally appointed or appointed at all. If the stock did not belong to the plaintiff he could not recover it in any case.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Melvin, J., who was absent.